IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| § | **CASE NO. 6:15-CR-00070-JDK-JDL** |
| **vs.** § § § § | |
| **JOSEPH LEE BOYKIN (1)** § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On May 19, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Joseph Lee Boykin was sentenced on July 27, 2016, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 136 months, capped by the statutory maximum of 10 years. The Court sentenced Defendant to an imprisonment term of 120 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for employment purposes and substance abuse aftercare. The case was reassigned to United States District Judge Jeremy D. Kernodle on April 29, 2022. Defendant completed his term of imprisonment and started his term of supervised release on March 28, 2024.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on April 25, 2025, United States Probation Officer Heather Doddy alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant submitted urine specimens on November 7, 2024 and April 7, 2025 that tested positive for methamphetamine, and admitted verbally and in writing to using methamphetamine prior to each submission.

2. **Allegation 2 (special condition):  The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.**  It is alleged that Defendant failed to attend a substance abuse treatment session on March 19, 2025 at New Focus Counseling Center in Paris, Texas.  It is also alleged that Defendant failed to submit to drug testing as instructed on April 22, 2025, March 5, 2025, December 17, 2024, and December 13, 2024.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 8 to 14 months. If the Court finds by a preponderance of the evidence that Defendant submitted urine specimens that tested positive for methamphetamine, failed to attend substance abuse treatment and failed to report for drug testing, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide a guideline imprisonment range for a Grade C violation of 5 to 11 months.

### *Hearing*

On May 19, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day with no further term of supervised release.

So ORDERED and SIGNED this 19th day of May, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE